IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARANDA DERRICK | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| vs. | § | **Civil Action No.** 5:20-cv-00127 |
| | § | |
| HOLLAND ENTERPRISES, INC. | § | |
| AND SANDARA PRICE AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF LESLIE PRICE, Deceased | § | |
| | § | |
|    *Defendants.* | § | |

## PLAINTIFF'S COMPLAINT

**To the Honorable United States Judge of Said Court:**

COMES NOW, MARANDA DERRICK (hereinafter referred to as "Plaintiff"), and respectfully files this Complaint against HOLLAND ENTERPRISES, INC. and Sandra Price as Representative of the Estate of LESLIE PRICE (hereinafter referred to as "Defendants"), and in support hereof would state and show the following:

### I. Parties

1. Plaintiff MARANDA DERRICK is a citizen and resident of Wake Village, Bowie County, Texas.

2. Defendant HOLLAND ENTERPRISES, INC. is a foreign corporation with its principal office in Mapleton, Cass County, North Dakota and service of process upon this Defendant may be had as indicate below:

Defendant HOLLAND ENTERPRISES, INC., Inc. ("Defendant HOLLAND ENTERPRISES, INC.") is a nonresident (North Dakota) corporation which has in the past done business and/or is currently doing business in the State of Texas, as defined by *Tex. Civ. Prac. & Rem. Code §17.042*, but has failed to appoint and maintain a resident agent for service of process. Further, Defendant HOLLAND ENTERPRISES, INC. is required by Texas law to maintain a registered agent and registered office for service of process, but has failed to do so. *Tex. Bus. Org. Code §5.201*. Since Defendant HOLLAND ENTERPRISES, INC. has failed to appoint a registered agent, it is deemed to have appointed the Secretary of the State of Texas as its registered agent for service of process, and, therefore, the Petition and Citation should be served by serving the Secretary of the State of Texas. *Tex. Civ. Prac. & Rem. Code §17.044(b)*; *Tex. Bus. Org. Code §5.251*. Therefore, two (2) copies of the Complaint and Summons (along with any required fees) will be delivered to the Secretary of the State of Texas pursuant to *Tex. Bus. Org. Code §5.252,* and the Secretary of the State of Texas should thereafter mail one (1) copy of the Complaint and Summons – via Certified Mail, Return Receipt Requested – to Defendant HOLLAND ENTERPRISES, INC., by and through its home office, located at 212 Durham Ave. #102, Metuchen, NJ 08840-1700, pursuant to *Tex. Civ. Prac. & Rem. Code §17.045(a)*.

3. Defendant Sandra Price as Representative of the Estate of LESLIE PRICE is citizen and resident of Henderson, Caroline County, Maryland, and service of process upon this Defendant may be had by serving her at her home address 16840 Henderson, Lot 138 Road, Henderson, MD 21640.

## II. Jurisdiction

4. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

5. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

6. On or about March 8, 2019, MARANDA DERRICK was a passenger in a vehicle which was pulled over on the side of the road on Highway 30, Eastbound, in Mt. Pleasant, Tutus County, Texas.

7. While at a complete stop on the side of the road with a patrol car behind them, Mr. Price's vehicle sideswiped both the patrol car and the vehicle in which Ms. Derrick was a passenger.

8. Defendant LESLIE PRICE was driving a Cascadia 12G Freightliner Tractor/Trailer rig for Defendant Holland Enterprises, Inc. (US DOT 2226423) when he lost control of his tractor trailer sideswiping the Derrick vehicle.

9. MARANDA DERRICK suffered severe injuries for which she still has issues from the injuries she suffered.

## IV. Cause(s) of Action as to Defendants

### A. *Negligence of Defendant Price*

10. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

11. Defendant Price owed duties of ordinary care to Plaintiff and other motorists on the roadway. Defendant Price's conduct, as outlined above, breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein.

   a. maintaining an unsafe distance from other vehicles;

   b. exhibiting inadequate driver attention;

   c. driving distracted;

   d. violating safety rules; and

   e. failure to maintain his health in a manner required for truck drivers.

12. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

### B. *Negligence Per Se of Defendant Price*

13. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

14. In addition to other counts, Defendant Price's conduct, as outlined above, constitutes negligence per se as Defendant Price violated statutory law under the Texas Transportation Code. Specifically, Defendant Price violated the following statutes.

   a. TEX. TRANS. CODE § 545.062(a), which requires an operator of a motor vehicle to maintain a safe distance between her and other vehicles.

   b. TEX. TRANS. CODE § 545.401, which prohibits drivers from operating their vehicles in a willful, wanton, and reckless manner.

15. Plaintiff, as a driver on the roadway, is a member of the class of persons the above-referenced statutes were designed to protect. Defendant Price has no excuse for the violation of the above-referenced statutes. Defendant Price's violation of the above-referenced statutes proximately caused Plaintiff's injuries. Accordingly, Defendant Price is negligent per se.

### C. *Respondeat Superior*

16. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

17. Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant Price was in the course and scope of his employment with Defendant HOLLAND ENTERPRISES, INC. at the time of this collision. Under the doctrine of Respondeat Superior, Defendant HOLLAND ENTERPRISES, INC. is responsible for Plaintiff's damages caused by Defendant Price's negligence, as alleged above.

### D. *Negligent Hiring by Defendant HOLLAND ENTERPRISES, INC.*

18. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

19. Defendant HOLLAND ENTERPRISES, INC. was negligent in the hiring of Defendant Price in that Defendant HOLLAND ENTERPRISES, INC. knew, or in the exercise of reasonable care should have known, that Defendant Price was unfit or unqualified for a position to safely operate motor vehicles under the control of Defendant HOLLAND ENTERPRISES, INC.. Defendant HOLLAND ENTERPRISES, INC. was further negligent in employing and providing Defendant Price with a motor vehicle.

### E. *Negligent Training by Defendant HOLLAND ENTERPRISES, INC.*

20. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

21. Defendant HOLLAND ENTERPRISES, INC. was negligent in the training of Defendant Price, in that Defendant HOLLAND ENTERPRISES, INC. knew, or in the exercise of reasonable care should have known, that Defendant Price was unfit or unqualified for a position in which he was required to safely operate and drive motor vehicles. Defendant HOLLAND ENTERPRISES, INC. refused to properly train and/or instruct Defendant Price for the job he was to perform and for the safe operation and entrustment of a motor vehicle. Defendant HOLLAND ENTERPRISES, INC. refused to instruct or train Defendant Price concerning the subject motor vehicle and allowed Defendant Price to drive a motor vehicle when it knew or should have

known that Defendant Price was not capable of or qualified in operating the vehicle prudently.

### F. Negligent Supervision by Defendant HOLLAND ENTERPRISES, INC.

22. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

23. Defendant HOLLAND ENTERPRISES, INC. was negligent in the supervision of Defendant Price in that Defendant HOLLAND ENTERPRISES, INC. knew, or in the exercise of reasonable care should have known, that Defendant Price was unfit or unqualified for a position, which he was required to safely operate a motor vehicle. Defendant HOLLAND ENTERPRISES, INC. refused or failed to supervise Defendant Price for the job that he was to perform. Defendant HOLLAND ENTERPRISES, INC. refused or failed to supervise Defendant Price on the date of the incident in question, and allowed or refused to prevent Defendant Price from operating Defendant HOLLAND ENTERPRISES, INC.' vehicle in an unsafe manner.

### G. Negligent Retention by Defendant HOLLAND ENTERPRISES, INC.

24. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

25. Defendant HOLLAND ENTERPRISES, INC. was negligent in the retention of Defendant Price, in that Defendant HOLLAND ENTERPRISES, INC. knew or in the exercise of reasonable care should have known, that Defendant Price was unfit or unqualified for a position, which he was required to safely operate a motor vehicle. Defendant HOLLAND ENTERPRISES, INC. negligently retained Defendant Price

prior to the date of the incident in question, and allowed, or failed to prevent, Defendant Price from operating Defendant HOLLAND ENTERPRISES, INC.' vehicle in an unsafe manner.

## V. Damages to Plaintiff

26. As a result of the acts and/or omissions of Defendants, Plaintiff has endured both past and future pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, loss of consortium, interference with her daily activities, and a reduced capacity to enjoy life as a result of his injuries.

27. As a result of the acts and/or omissions of Defendants, Plaintiff has become obligated to pay extensive medical expenses.

28. The above and foregoing acts and/or omissions of Defendants, resulting in the injuries to Plaintiff, have caused actual damages in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. Misnomer/Alter Ego

29. In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

## VII. Conclusion and Prayer

30. A jury is requested for this cause of action.

31. For the reasons presented herein, Plaintiff prays that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendants for:

    a.   actual damages;
    b.   economic and non-economic damages;
    c.   prejudgment and post-judgment interest at the maximum rate allowable by law;
    d.   costs of suit; and
    e.   all other relief, general and special, to which the Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

/s/ Stewart D. Matthews
Stewart D. Matthews
State Bar No. 24039042
attorney@accidentlawyer.legal
1905 West Ennis Avenue
Suite 506
Ennis, Texas 75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

**Attorney for Plaintiff**